FRANCISCO NEVARES, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

Nos. 1548 and 1549.  Argued January 10, 1944.—Decided March 21, 1944.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for petitioner. *J. Martín Almodóvar Acevedo* for interveners, plaintiffs in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

On July 3, 1942, Ramón Sánchez and others, pursuant to Act No. 10 of 1917 (Vol. II, p. 216) filed a complaint in the Municipal Court of San Germán, under Civil Case No. 356, against Francisco Nevares and Manuel Pereyó for the recovery of unpaid wages.

On that same day another complaint was filed by Pedro Linares and others in said municipal court under Civil Case No. 357 to the same end and against the same defendants.

A hearing was had of both cases on November 20, 1942, and on the following day judgments were rendered, respec-

tively, for the plaintiffs in the sum of $190.50 in case No. 356 and $102.50 in case No. 357. On the same day, November 21, 1942, the Clerk of the Municipal Court of San Germán sent, by registered mail, a copy of said judgment to Attorney H. González Blanes, at San Juan, Puerto Rico. As a footnote thereto he added in typewriting as follows:

"Notify: Attorneys J. Martín Almodóvar, San Germán, P. R.; H. González Blanes, San Juan, P. R. Sirs: Notice of the above judgment is hereby served on you, complying with the statutory provisions. San Germán, P. R., December 21, 1942. (Signed) Pedro Legón Gutiérrez, Clerk, Municipal Court."

And directly under it he set forth in his own handwriting:

"I certify: that today, December 12, 1942, I deposited in the mail of this city, duly stamped and registered a closed envelope containing an exact copy of this judgment addressed to Attorney H. González Blanes at San Juan, P. R. and that there is regular mail service between the city of San Germán and the city of San Juan. (Signed) Pedro Legón Gutiérrez, Clerk, Municipal Clerk."

On December 28, 1942, Attorney González Blanes deposited in the post office of this city, in an envelope addressed to the clerk of said municipal court, two notices of appeal to the District Court of Mayagüez, of both judgments above referred to. Upon receipt of said envelope, the clerk of the municipal court sent the record of both cases to the District Court of Mayagüez on December 29, 1942. The plaintiffs in both cases filed a motion in the district court for the dismissal of both appeals on the ground that the appeals had been filed after expiration of the statutory period of five days provided by §8 of Act No. 10 of November 14, 1917, as amended by Act No. 40 of April 17, 1935 (Laws of 1935, p. 238). After the parties were heard, the district court dismissed both appeals for lack of jurisdiction. Thereupon the defendants filed in this court two petitions for certiorari now before us to review said judgments of dismissal.

The defendants, petitioners herein, allege that their attorney received notice of the judgment on December 28, 1942, and that on that same day he deposited in the post office of the city of San Juan the two notices of appeal; that the 25th, 26th, and 27th were holidays and it was not until the 28th that he was first able to file said notices; that the notice of the judgment is void because a copy of said notice was not filed with the record as required by §2 of the Act of March 9, 1911, and therefore, the period for appeal must be counted, according to the last mentioned Act, from the date that said notice is attached to the record; and, lastly, that the term of five days expired on December 28, but because of the distance between San Juan and San Germán, said term was extended, pursuant to §322 of the Code of Civil Procedure, one day for every twenty-five miles distance between San Juan and San Germán, for which reason the term for appeal was necessarily extended until after December 29, 1942, on which date, as found by the district court, the notices of appeal were received at the municipal court. The petitioners further cited the provision of subdivision "e" of rule 6 of the Rules of Civil Procedure.

█ The notice of the judgment served by the Clerk of the Municipal Court of San Germán fully complied with the provisions of §2 of the Act of March 9, 1911. The fact that the written notice was served as a footnote in the judgment and not on separate paper does not affect the legality of the service.

█ Normally the period of five days within which to file an appeal should have elapsed on December 25, 1942, but that was a holiday and the 26th was Saturday, and the court was closed, and since the 27th was Sunday, the term was extended until December 28, 1942. *Rey Gangas* v. *Domínguez Alvarez,* decided on February 17, 1944 (*per curiam* decision).

█ It is an uncontroverted fact that the envelope containing the notices of appeal was deposited in the post of-

fice in the city of San Juan on December 28, 1942. There is no evidence as to the hour when said envelope was deposited in the post office, or as to the day when it was received by the Clerk of the Municipal Court of San Germán. Yet the district court reached the conclusion that since the notices of appeal were sent from San Juan on December 28 and the Clerk of the Municipal Court of San- Germán sent the records to the district court on the 29th of said month, the notices of appeal must have been received by the clerk of the municipal court on December 29, after the term for appeal had expired. We would accept this finding of the lower court if it were impossible, within the mail service in Puerto Rico at that time, that an envelope deposited in the post office of San Juan could reach San Germán on the same day during working hours. But that is not impossible. We take judicial notice of the fact that an envelope sent by mail from San Juan at 7:20 A. M. reaches San Germán the same day at about 2:30 P. M. The interveners maintained that the notices of appeal arrived on December 29, 1942, but since it was incumbent on them to prove that fact and they failed to do so we must presume, unless otherwise proved, that the notices of appeal could have been delivered to the Clerk of the Municipal Court of San Germán on Monday, December 28, 1942, during office hours and therefore there is no reason to hold that the appeal was not filed within the statutory period.

For the reasons stated the orders of October 25, 1943, rendered by the respondent court in the two cases involved herein must be reversed and the cases remanded to the lower court for their reinstatement and for further proceedings not inconsistent with this opinion.